*Northern District*

No. 5142

**ROBERTA K. KIRBY, Petitioner**

v.

**WILLIAM KIRBY, Respondent**

(March 6, 1958)

*Present:* BROOKS, J. (PRESIDING), NORTHRUP AND KELLEHER, JJ.

Case tried to ESPOVICH, SP. J., in the First District Court of Essex. No. 49 of 1957.

*Northrup, J.* This is a petition brought by Roberta K. Kirby, of Schenectady, New York against her husband, William Kirby, of Danvers, Massachusetts, under the *Uniform Reciprocal Enforcement of Support Act*, G. L. c. 273A. The petition, which prays for an order for support of the petitioner and two minor children of the parties, was filed on November 15, 1956 in the Children's Court, County of Schenectady, in the State of New York under the provisions of the Uniform Support of Dependents Law of the State of New York, (Chapter 807 of the Laws of 1949). Upon the filing of the petition, sworn testimony of the petitioner was taken before Honorable William M. Nicoll, Judge of said court who after verification of the subject matter of the petition issued a certificate required by G. L. c. 273A, §9, together with an order that the necessary papers be transmitted to the clerk of the "District Court, County of Essex, Lawrence, Mass." for prose-

cution under Massachusetts Uniform Reciprocal Enforcement of Support Act.

The papers were forwarded to the clerk of the District Court of Lawrence and since the respondent did not reside within the territorial jurisdiction of said court, the clerk of said court forwarded the same to the clerk of the First District Court of Essex where the case was docketed. An order of notice was issued to the respondent who appeared by counsel and filed special appearances and two motions, to wit: [1] a motion to quash and [2] a motion to dismiss.

The respondent never filed a general appearance or an answer to the merits of the petition and never personally appeared before the court although requested in writing to do so by the clerk of the court. On April 8, 1957 after argument, both of the respondent's motions were denied by the trial court and simultaneously therewith, after reading the record of the petitioner's testimony and hearing argument of counsel for the respondent, the court entered an order requiring the respondent to pay $20.00 a week for the support and maintenance of his two minor children. The respondent duly objected to the denial of his said motions and to the entry of the order for support, and claimed a report of the court's rulings to this Division. The correctness of the rulings of the court on said motions and the validity of the order for payment by the respondent are the issues before us.

We find no error in the denial by the trial court of the respondent's motion to quash or the respondent's motion to dismiss for the reason that the report raises no issues with respect to either of these motions. The respondent argues that said motions should have been allowed on the following grounds; to wit: (1) that the petition is not signed by the petitioner; (2) that the petition is not properly verified; (3) that the petition was not filed in the proper court; (4) that the children are not parties to the petition;

(5) that the petition does not allege a duty to support the petitioner and said children; (6) that the First District Court of Essex lacked jurisdiction; (7) that the Judge's certificate forwarded by the Children's Court in New York is defective. However, copies of these motions are not incorporated in or made a part of the report, nor are the grounds upon which they are based stated therein.

The report does not show that the objections argued by the respondent in his brief, or any of them, were the grounds upon which the respondents motions were based. Such motions must set forth specific grounds upon which the moving party relies in support of the same and only such grounds as are specifically set forth therein can be considered by the court as pertinent thereto. In the case at bar, the mere denial by the trial court of the respondent's said motions, not shown by the report to be related to any of the alleged errors argued by the respondent, raises no issue as to the correctness of the court's ruling thereon. Under such circumstances the respondent's claim of error rests solely upon statements in the report to the effect that a motion to dismiss and a motion to quash were filed by the respondent and after hearing were denied by the court. It is our opinion therefore that under such circumstances and for the foregoing reasons, no issue is raised by the report as to the correctness of the trial court's ruling on the respondent's said motions and therefore no error is shown in its denial of the same.

We also find no merit in the respondent's general objection to the entry by the trial court of an order for support. The respondent argues that the order for support was made upon the written record of testimony of the petitioner which, the respondent claims, was inadmissible. However Rule No. 27 of the District Court Rules requires that objections to the admission or exclusion of evidence be made at

the time the court rules upon the matter. Although in the case at bar there was no specific ruling, as such, by the court, nevertheless, during the hearing on the merits of the case, counsel for the respondent knew that the court was considering the same as testimony and made no objection thereto. It was only after the court had made a finding on the merits of the petition that any objection was made by the respondent and the objection, then made, was a general objection to the finding and not an objection to the admissibility of the evidence upon which it was based.

As to the respondent's other claims of error by the trial court, it is our opinion that no issue of law is raised by the report with respect to the same. The objection by the respondent to the court's finding was a general objection. The respondent made no specific objection to the court's finding nor did he file any requests for rulings of law or ask for leave to file the same. Rule 28 of the District Court Rules reads in part as follows:

"Such draft report shall state the issues raised by the pleadings, shall set forth in clear and concise terms the rulings upon which the party seeking the report has requested and now asks for a re-hearing by the Appellate Division, the state of the case at which and the manner in which the same arose, how he claims to be prejudiced by such rulings and any other facts essential to a full understanding of questions presented." *Alt-shuler v. Field*, 1958 A.S. 27.

The general objection to the court's finding and order on the merits in the case at bar, in our opinion, does not satisfy the requirements of this rule to the extent of raising any question of law for our consideration. Unsupported by any requests for rulings, such an objection has no more effect in the case at bar than an objection to a finding by a trial court

on the merits, for the plaintiff or defendant, as the case may be, in any other civil proceeding.

It is our opinion therefore, that since no issue of law is raised by the report on any of the respondent's objections, we must necessarily rule that there was no error in the denial by the trial court of the respondent's said motions or in the entry by it of an order for support. The report is therefore ordered dismissed.

E. W. Hadley, for the Respondent.